UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KYLE SOLTESZ, d/b/a, TOP DOG ENTERPRISES, | ) ) ) | CIV. 11-5012-JLV |
| Plaintiff, | ) ) ) | ORDER DENYING PARTIES' OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION |
| vs. | ) ) | |
| RUSHMORE PLAZA CIVIC CENTER, a political subdivision of the City of Rapid City, and CITY OF RAPID CITY, a political subdivision of the State of South Dakota, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff Kyle Soltesz, d/b/a Top Dog Enterprises, filed a complaint against defendants alleging a violation of his constitutional rights under 42 U.S.C. § 1983 and state law claims for breach of contract, conversion, and tortious interference with business relations. (Docket 1). Defendants filed their answer and counterclaim generally denying plaintiff's claims and asserting their own claims for breach of contract, failure to restore premises, fraud and deceit, rescission, and exemplary damages. (Docket 8). Plaintiff moved for partial summary judgment as to defendants' liability for breach of lease, failure to follow proper South Dakota procedure for eviction, seizure of plaintiff's property, and conversion. (Docket 13). The court referred the

motions to Magistrate Judge Veronica L. Duffy for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket 45).

On February 6, 2012, Magistrate Judge Duffy filed a report and recommendation concluding the court should deny plaintiff's motion for partial summary judgment.  (Docket 46).  Plaintiff and defendants timely filed objections.  (Dockets 47 & 49).  The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1).  The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

For the reasons stated below, the parties' objections are overruled and the report and recommendation of the magistrate judge is adopted in its entirety.

## DISCUSSION

### A.  MAGISTRATE JUDGE'S FINDINGS OF FACT

Neither party objected to the magistrate judge's findings of fact.  See Dockets 47 & 49.  The magistrate judge's findings of fact are adopted by the court in accordance with 28 U.S.C. § 636(b)(1)(C).

### B.  MAGISTRATE JUDGE'S CONCLUSIONS OF LAW

Plaintiff's objections to the magistrate judge's conclusions of law and recommendations are summarized as:

1. Whether an alleged material breach by plaintiff prevents the court from concluding as a matter of law defendants breached the lease;

2. Whether an alleged material breach by plaintiff prevents the court from concluding as a matter of law defendants are liable for conversion;

3. Whether defendants held any interest in plaintiff's equipment and inventory so as to require a balancing of the interests of the parties;

4. Whether defendants' conduct was pursuant to official authority so as to make the City of Rapid City ["City"] liable under 42 U.S.C. § 1983; and

5. Whether a post-deprivation remedy existed.

(Docket 47).

Defendants' objection to the magistrate judge's conclusions of law and recommendation is summarized as: Whether the magistrate judge's conclusion the contract was a lease improperly invades the province of the jury. (Docket 49).

Because plaintiff's objections are premised on the magistrate judge's conclusion that the agreement between the parties is a lease and defendants' objection is premised on that conclusion of law, the court will first address defendants' objection and then address each of plaintiff's objections separately.

**DEFENDANT'S OBJECTION**

**1. WHETHER THE MAGISTRATE JUDGE'S CONCLUSION THE CONTRACT WAS A LEASE IMPROPERLY INVADES THE PROVINCE OF THE JURY.**

The contract in question is an agreement captioned "Rushmore Plaza Civic Center Concessionaire Contract" ("Concessionaire Contract"). (Docket 1-1). The magistrate judge found the agreement is a valid contract. (Docket 46 at p. 9). Defendants agree with this conclusion of law. (Docket 49 at p. 3).

Plaintiff asserted the Concessionaire Contract is a lease. (Docket 1 at ¶ 8). Defendants' answer acknowledged that Exhibit A attached to the complaint "is a copy of the Concession Contract and affirmatively alleges that the Lease speaks for itself." (Docket 8 at ¶ 8). Defendants' answer identified the Concessionaire Contract as a "Lease" or "lease" three times. Id at ¶¶ 8, 10 & 18. Defendants' answers to plaintiff's interrogatories acknowledge the following:

1. Defendants' employees in conjunction with the City Attorney's Office drafted the Concessionaire Contract. (Docket 16-4 p. 2 at 4(a)]; and

2. The Concessionaire Contract was a lease (acknowledged through defendants' failure to identify the "nature of the agreement" if it was not a lease). Id. at 4(e).

It was not until defendants' response to plaintiff's statement of undisputed facts in support of plaintiff's motion for partial summary

4

judgment that defendants objected to the use of the term "lease."  (Docket 25 at ¶¶ 2, 3, 4, 6, & 7).  In resistance to plaintiff's motion for partial summary judgment, defendants argued "Plaintiff was a licensee, not a tenant under the law, irrespective of the language or verbiage used between the parties . . . ."  (Docket 26 at p. 6).

"[A] party cannot avoid summary judgment by contradicting his own earlier testimony."  Prosser v. Ross, 70 F.3d 1005, 1008 (8th Cir. 1995) (citing Wilson v. Westinghouse Electric Corp., 838 F.2d 286, 289 (8th Cir. 1988) (citing Camfield Tires, Inc., v. Michelin Tire Corp., 719 F.2d 1361, 1365-66 (8th Cir. 1983) ("A party should not be allowed to create issues of credibility by contradicting his own earlier testimony.")).  The court must be "mindful of [its] obligation to credit all of the evidence that favors the nonmovant, . . . but [the court is] not aware of any duty on [its] part to prune a witness's testimony so as to create a triable issue when the witness flatly contradicts himself in other parts of his testimony."  Prosser, 70 F.3d at 1009 (referencing Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986)).

The Concessionaire Contract uses the term "Lessee" a total of fifty-one times in the five-page agreement.  (Docket 1-1).  Drafted by defendants' staff with the assistance of the Office of the City Attorney, the Concessionaire Contract does not once use the terms "license" or "licensee."

The court finds the report and recommendation is an accurate and thorough analysis of applicable case law. The court further finds Magistrate Judge Duffy's legal conclusion the Concessionaire Contract is a "lease" under South Dakota law is well-reasoned. The court concludes as a matter of law the Concessionaire Contract is a "lease" under South Dakota law.

Defendants' objection is overruled.

### PLAINTIFF'S OBJECTIONS

1. **WHETHER AN ALLEGED MATERIAL BREACH BY PLAINTIFF PREVENTS THE COURT FROM CONCLUDING AS A MATTER OF LAW THE DEFENDANTS BREACHED THE LEASE.**

Plaintiff's objection is the magistrate judge "overlooked the existence of the City's Counterclaim. (Doc. 8)." (Docket 47 at p. 4). By this oversight, plaintiff claims "even if Soltesz materially breached the lease, his conduct would not eliminate the need for the Defendants to foreclose his interest in the leasehold. The Magistrate Judge appears to have confused liability for breach of a lease with the remedy for the breach." Id. at p. 5.

The magistrate judge did not overlook the City's counterclaim. (Docket 46 at pp. 10-11). The court agrees with the conclusion of the report and recommendation that if plaintiff first engaged in a material breach of the lease, the City is then excused from further performance as the parties' obligations under the lease are terminated. FB & I Bldg. Products, Inc. v. Superior Truss & Components, 2007 SD 13, ¶ 15, 727 N.W.2d 474, 478 ("It

6

is well established that a material breach of a contract excuses the non-breaching party from further performance."). "A material breach of contract allows the aggrieved party to cancel the contract and recover damages for the breach. . . . However, if the breach is not material, the aggrieved party may not cancel the contract but may recover damages for the nonmaterial breach." Miller v. Mills Construction, Inc., 352 F.3d 1166, 1171-72 (8th Cir. 2003) (citing 23 Richard A. Lord, Williston on Contracts § 63:3 (4th ed. 2002)).

"Whether a party's conduct constitutes a material breach of contract is a question of fact." Icehouse, Inc. v. Geissler, 2001 SD 134, ¶ 21, 636 N.W.2d 459, 465 (citing Thunderstik Lodge, Inc. v. Reuer, 1998 SD 110, ¶ 25, 585 N.W.2d 819, 825). "Materiality is a question of fact for the jury . . . ." Lafarge North America, Inc., v. Discovery Group L.L.C., 574 F.3d 973, 982 (8th Cir. 2009).

It remains for a jury to decide whether plaintiff first committed a material breach of the lease. If the answer to that question is "yes," the defendants are relieved of any obligation to give plaintiff "45-days notice prior to terminating the [lease]." (Docket 46 at p. 10).

Plaintiff's objection is overruled.

## 2. WHETHER AN ALLEGED MATERIAL BREACH BY PLAINTIFF PREVENTS THE COURT FROM CONCLUDING AS A MATTER OF LAW THE DEFENDANTS ARE LIABLE FOR CONVERSION.

Plaintiff objects to the magistrate judge's conclusion there should be a balancing of interest test performed to determine if a seizure of property or leasehold interests occurred.  (Docket 47 at pp. 5-7).  The magistrate judge concluded:

> Mr. Soltesz's property was clearly seized within the meaning of the Fourth Amendment.  At a minimum, the Civic Center seized both the leasehold interest and Mr. Soltesz's equipment and inventory between February 3, 2011, the date he was served with the notice of trespass, and February 8, 2011, the date the Civic Center sent written notice of its intent to terminate the lease.

(Docket 46 at p. 28).  The court must take this statement in context.  First, "the question remains whether the 'lessee' was 'Top Dog' or Mr. Soltesz personally."  Id. at p. 11.  Second, "[e]ven without the formalities of a written business agreement, at a minimum Mr. Soltesz and his mother would be common law partners in the business known as 'Top Dog.' "  Id.  Finally, the court believes the ambiguity as to who was the real lessee in interest as to the leasehold–Mr. Soltesz personally or Top Dog–is important under Fed. R. Civ. P. 17(a)(1)(F).

Until a jury decides whether Top Dog is a partnership between Mr. Soltesz and his mother or a sole proprietorship owned exclusively by Mr. Soltesz, the dispute about whose property was or may have been converted by the defendants' conduct cannot be resolved.  If the lessee of the

8

Concessionaire Contract is a partnership, Mr. Soltesz's mother must be joined as a real party in interest. Rule 17(a)(3). Until this issue is resolved, the court is unwilling to enter judgment as a matter of law that a conversion occurred.

Plaintiff's objection is overruled.

### 3. WHETHER DEFENDANTS HELD ANY INTEREST IN PLAINTIFF'S EQUIPMENT AND INVENTORY SO AS TO REQUIRE A BALANCING OF THE INTERESTS OF THE PARTIES.

Plaintiff's objection is "that the Defendants had no interest whatsoever in Soltesz' equipment and inventory, and therefore there are no compelling interests to balance." (Docket 47 at p. 8).

"The Fourth Amendment, made applicable to the States by the Fourteenth, provides in pertinent part that the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . .'" Soldal v. Cook County, Illinois, 506 U.S. 56, 61 (1992) (citing Ker v. California, 374 U.S. 23, 30 (1963)). "A seizure of property . . . occurs when there is some meaningful interference with an individual's possessory interests in that property." Id. (internal citation and quotation marks omitted). "Whether the Amendment was in fact violated . . . requires determining if the seizure was reasonable." Id. at 61-62.

9

While plaintiff now argues defendants had no competing interest to balance against plaintiff's right of possession, the record before the magistrate judge was not properly developed.  "The court's ability to analyze the Fourth Amendment balancing test is hampered by the parties' failure to address the test and to inform the court of relevant facts. . . . it is [plaintiff's obligation] as the movant . . . to demonstrate his entitlement to judgment as a matter of law on defendants' liability on his Fourth Amendment claim.  This, he has failed to do." (Docket 46 at p. 33).  The court agrees with the conclusion and recommendation of the magistrate judge.

Plaintiff's objection is overruled.

**4.    WHETHER DEFENDANTS' CONDUCT WAS PURSUANT TO OFFICIAL AUTHORITY SO AS TO MAKE THE CITY OF RAPID CITY LIABLE UNDER 42 U.S.C. § 1983.**

Plaintiff's objection to the report and recommendation is premised on his argument the "Defendants did not deny that their action was taken pursuant to official authority." (Docket 47 at p. 9).  Plaintiff's complaint alleges "Defendant Rapid City acted by and through its subsidiary Civic Center and ratified and reaffirmed its conduct." (Docket 1 at ¶ 18).  Defendants' answer to the complaint asserted "Defendants deny each and every allegation contained within Plaintiff's Complaint except those which are specifically or qualifiedly admitted. . . . [and] [a]s it concerns paragraph 18, Defendant, City of Rapid City alleges that the Rushmore Plaza Civic

10

Center is a statutory entity created under South Dakota law and denies that it is a 'subsidiary' as alleged in paragraph 18." (Docket 8 at ¶¶ 1 & 12).  The court finds defendants denied Rushmore Plaza Civic Center was acting pursuant to an official authority or directive of the City of Rapid City.  Defendants' answer was an adequate response to plaintiff's complaint and places the burden on plaintiff to show he is entitled to summary judgment.  Fed. R. Civ. P. 56(a) (a movant is entitled to "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

     Municipal liability under 42 U.S.C. § 1983 only lies "where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [local government entity's] officers." <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 690 (1978).  To hold the City of Rapid City liable for any conduct of the Rushmore Plaza Civic Center, or its employees, the burden of proof rests with plaintiff.  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Id.</u> at 694.

Plaintiff "has not shown that the Civic Center was acting pursuant to official municipal policy or custom." (Docket 46 at p. 49). Plaintiff "never address[ed] the standard for municipal liability under § 1983. He never cite[d] . . . to any evidence that the City of Rapid City had, as an official policy or custom, the practice of evicting commercial tenants . . . without resort to South Dakota statutory eviction procedures." Id.

Plaintiff's objection is overruled.

### 5. WHETHER A POST-DEPRIVATION REMEDY EXISTED.

Plaintiff objects that "there was no post-deprivation hearing at all." (Docket 47 at p. 11). Plaintiff argues "Defendants withheld Sotesz' personal property until they preserved their legal position by filing a Counterclaim in this case . . . and never restored Soltesz' leasehold to him." Id.

In analyzing plaintiff's due process rights, the report and recommendation "note[d] that there is ambiguity about the reason why Mr. Soltesz/Top Dog did not remove its equipment until May." (Docket 46 at p. 46). "Defendants suggest that Mr. Soltesz left his property at the leasehold premises because it was convenient for him while he was exploring the possibility of transfer of the equipment and leasehold to a third party." Id.

This creates a question of fact as to whether a post-deprivation hearing was necessary or appropriate. If the convenience of the lessee caused the inventory and equipment to remain in the Civic Center and not a "seizure" by defendants, no hearing was required. Questions of fact exist

12

which support the magistrate judge's recommendation to deny plaintiff's motion for partial summary judgment on the due process claim.  Id. at p. 48.

Plaintiff's objection is overruled.

## ORDER

Based on the above analysis, it is hereby

ORDERED that plaintiff's objections (Docket 47) are overruled.

IT IS FURTHER ORDERED that defendant's objection (Docket 49) is overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 46) is adopted.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment (Docket 13) is denied.

Dated March 26, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

13