UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KYLE SOLTESZ, D/B/A<br>TOP DOG ENTERPRISES,<br><br>    Plaintiff,<br><br>  vs.<br><br>RUSHMORE PLAZA CIVIC CENTER,<br>a political subdivision of the City of<br>Rapid City, and CITY OF RAPID CITY,<br>a political subdivision of the State of<br>South Dakota,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. 11-5012-JLV<br><br>**ORDER GRANTING<br>DEFENDANTS' MOTION<br>TO COMPEL**<br>[DOCKET NO. 63] |

**INTRODUCTION**

This matter is before the court on plaintiff Kyle Soltesz's complaint alleging a violation of his constitutional rights and seeking damages therefor pursuant to 42 U.S.C. § 1983. See Docket No. 1. Mr. Soltesz also asserts state law claims of breach of lease, conversion, and tortious interference with business relations. Id. Jurisdiction is premised on the presence of a federal question, 28 U.S.C. § 1331, and the deprivation of a civil right, 28 U.S.C. § 1343.

Defendants filed a motion to compel plaintiff to produce documents in response to defendants' requests for the production of documents number one and two. See Docket No. 63. Plaintiff resists this motion. See Docket No. 66.

The Chief District Judge, the Honorable Jeffrey L. Viken, referred this motion to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A).

## FACTS

The facts pertinent to defendants' motion are as follows. Plaintiff was a commercial tenant with defendant the Rushmore Plaza Civic Center ("Civic Center"). Plaintiff sold food and beverages at the Civic Center. Plaintiff claims to have been ousted from his leasehold in violation of the terms of his lease and in violation of South Dakota law.

On August 12, 2011, defendants took the deposition of Kyle Soltesz. See Docket No. 71-1. During that deposition, Mr. Soltesz testified that his business, Top Dog Enterprises, filed state sales tax returns. Id. at 2, lines 6-12. Defendants' attorney, upon learning this, made an oral request for the production of documents as follows: "We'd ask for all of the state sales tax returns from 2004 to the present." Id. at 2, lines 15-16.

On October 25, 2011, defendants followed up on their oral document request with formal, written requests for the production of documents. See Docket No. 65-1. Defendants propounded two separate document requests:

> **Request for Production No. 1:** Please produce copies of all sales tax reports for Top Dog from 1996 to present.
>
> **Request for Production No. 2:** Please produce copies of all documents of correspondence, including but not limited to: notices, notifications, and letters between the Plaintiff and the South Dakota Department of Revenue from 1996 to present.

See Id. at page 3.

On December 28, 2011, plaintiff served defendants with responses to these document requests.  See Docket No. 65-2.  In response to the two document requests, plaintiff stated "See attached documents, Bates stamped as TopDog 0220-0222."  Id. at 2.  The documents Bates stamped TopDog 0220-0222 are three pages of spread sheets.  Id. at pages 5-7.  The origins of the spread sheet are nowhere apparent on the documents.  Id.  The documents are not marked with any logo or other mark which would indicate that the South Dakota Department of Revenue produced the spreadsheets.  Id.

The spread sheets contain seven columns, labeled from left to right as follows: Period, Gross, Use Taxable, Total State Taxable, State Tax, City Tax, and Total Tax Due.  Id.  The "Period" section of these spread sheets indicate that they cover the time frame from February 2005 up through March 2011. Id.

On October 3, 2012, defendants' counsel wrote to plaintiff's counsel, stating:

> An oral request was made at Kyle Soltesz's deposition for all of his state sales tax reports dated 2004 to present.  The same was formally requested in the Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiff dated October 25, 2011.  Please advise as to when I will receive these documents.  If I have not heard from you by Tuesday, October 9 [2012], I will assume they will not be forthcoming and I will file a Motion to Compel.

See Docket No. 71-3 at page 1.

The response of plaintiff's counsel to this letter was to point out plaintiff's production of the spreadsheets.  See Docket No. 71-4 at page 1.  Plaintiff's counsel wrote "If I have missed anything, or I am not understanding the nature of your request, please let me know, as I believe we have already responded to your inquiry."  Id.

Defendants' counsel then wrote back on October 10, 2012, that he was specifically asking for "sales tax *returns* and all documents/correspondence between the Plaintiff and the South Dakota Department of Revenue."  See Docket No. 65-3 (emphasis supplied).  Defendant then clarified its position that the spreadsheets plaintiff provided were not responsive to either of the production requests propounded by defendants.  Id.

Plaintiff responded on October 11, 2012, by stating that the request for production did not seek discovery of sales tax "returns," but rather of sales tax "reports."  See Docket No. 67-2.  Plaintiff asserted that the spreadsheets were "reports" and that plaintiff had done everything necessary to respond to the defendants' discovery requests.  Id.  As to the request for correspondence, plaintiff's counsel informed defendants' counsel that a request had been made to the South Dakota Department of Revenue for documents going back to the year 2005.  Id.  Plaintiffs' counsel indicated that they would be in touch when they had more information about the correspondence.  Id.

On November 5, 2012, and again on November 19, plaintiff's counsel requested from the South Dakota Department of Revenue any "correspondence" between the department and Top Dog Enterprises. See Docket Nos. 67-3, page 2; 67-5, page 3.[1] If a request for sales tax "reports" or sales tax "returns" was ever made to the department by plaintiff, that document has not been placed before this court.

On November 16, 2012, plaintiff's counsel wrote to defendants' counsel saying that "we are still attempting to obtain the requested documents and correspondence directly from the South Dakota Department of Revenue." See Docket No. 65-4. No further communication between the parties has been supplied. Defendants filed the instant motion to compel on November 16, 2012. See Docket No. 63.

## DISCUSSION

**A.    Defendants Satisfied Their Obligation to Confer in Good Faith**

In their motion, defendants state that "Defendants' counsel certifies that he has in good faith conferred with and attempted to resolve this matter with

---

[1]Although the cover letters from plaintiff's counsel characterize the request to the Department of Revenue as a request for "documents," the authorization to the department from Mr. Soltesz authorized the department to release only "correspondence." See Docket No. 67-3, page 2; Docket No. 67-5, page 2. The department would be limited by the wording of Mr. Soltesz's authorization. Therefore, the request was, in reality, only a request for correspondence, not for any sale tax "returns" or "reports" or any other type of "document" other than correspondence.

5

Plaintiff's counsel prior to filing this motion consistent with Fed. R. Civ. P. 37."
See Docket No. 63, page 1. Plaintiff's counsel takes issue with this. Because defendants' counsel did not respond to plaintiff's final letter of November 16 prior to filing the motion to compel, plaintiff asserts that defendant did not satisfy the conferral requirement.

Federal Rule of Civil Procedure 37 provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

See FED. R. CIV. P. 37(a)(1). Our district has also passed a local rule on this subject:

> A party filing a motion concerning a discovery dispute shall file a separate certification describing the good faith efforts of the parties to resolve the dispute.

See DSD LR 37.1.

Here, the parties started out with a misunderstanding. Although defendants' counsel orally requested sale tax "returns" during Mr. Soltesz's deposition, the written discovery request used the term "reports." A "report" is defined as "an account or statement describing in detail an event, situation, or the like, usually as the result of observation, inquiry, etc." See www.dictionary.reference.com/browse/report?s=t (Jan. 15, 2013) (def. #1). The term "report" is broad enough to encompass sales tax "returns," but the

6

spreadsheets which plaintiff provided in discovery are certainly "reports" of a kind too.

However, the term "tax return" has a more specific meaning. In the tax context, a "tax return" is "a statement, on an officially prescribed form, of income, deductions, exemptions, etc., and taxes due." See www.dictionary.refrence.com/browse/return (Jan. 15, 2013) (def. #24). When defendants' counsel later clarified to plaintiff's counsel that defendants sought the plaintiff's sales tax "returns," not generic "reports," plaintiff's counsel made plain that plaintiff would not provide any sales tax returns. See Docket No. 67-2. Apparently, it was plaintiff's position that a "report" is not a "return" and, thus, because defendants' document request was not sufficiently specific in its terminology (despite plaintiff's then-knowledge of what it was defendants were getting at), plaintiff would not provide any other documents. Id.

In fact, although defendants could not have known this at the time, when plaintiff sent a request for documents to the South Dakota Department of Revenue, plaintiffs never did request that the department provide copies of Top Dog's sales tax returns. Instead, plaintiff limited its request to the department to "correspondence." See Docket No. 67-3 page 2; Docket No. 67-5 page 3.

Given plaintiff's stubborn refusal to provide sales tax returns even once defendants clarified that that was what they sought, the court is at a loss to

understand what additional steps plaintiff believes were needed here. Given ample time, defendants could have served plaintiff with another request for the production of documents that specifically asked for plaintiff's sales tax "returns," but the discovery deadline in this matter was November 16, 2012–the same date as the last letter sent by plaintiff's counsel. See Docket No. 54, ¶ 2; Docket No. 65-4. Defendants' resort to this instant motion to compel is understandable. The court finds that defendants met the requirement that they attempt in good faith to resolve their discovery dispute with plaintiff prior to filing a motion to compel.

**B.     Whether Defendants' Motion is Timely**

The second argument plaintiff asserts in opposition to defendants' motion is that defendants' motion is not timely. Plaintiff relies on paragraph 5 of the district court's Rule 16 scheduling order which provides as follows:

> 5.     Motions to compel discovery shall be filed no later than fourteen (14) days after the subject matter of the motion arises. Motions to compel discovery shall nto be filed until the parties have complied with D.S.D. LR 37.1.

See Docket No. 12, page 2, ¶ 5. Plaintiff argues that the dispute between the parties regarding defendants' requests for documents became evident when plaintiff's counsel sent her letter of October 11, 2012, stating her position that the term "tax reports" was not sufficient to encompass the term "tax returns." See Docket No. 67-2. Because defendants did not file the instant motion to

8

compel until over one month later on November 16, 2012, plaintiff argues that the motion is not timely.

Federal Rule of Civil Procedure 37 does not include a time limit for when a motion to compel must be filed. See FED. R. CIV. P. 37. See also Days Inn Worldwide, Inc. v. Sonia Investments., 237 F.R.D. 395, 396 (N.D. Tex. 2006). In the absence of a specific time limit, courts may conclude that a motion to compel is untimely if the movant has unduly delayed. See 8B Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Fed. Practice & Procedure § 2285 (3d ed. 1994) (hereafter "Fed. Practice & Procedure"). If a motion to compel is filed prior to the expiration of the discovery deadline, it is generally considered timely. Voter v. Avera Brookings Medical Clinic, 2008 WL 4372707 at *1, Civ. No. 06-4129 (D.S.D. Sept. 22, 2008). The timeliness of a motion to compel requires balancing the need for the parties to explore ways to informally settle a discovery dispute among themselves (and thus eliminate the need for the court's involvement) against the need to promptly resolve discovery matters. 8B Fed. Practice & Procedure § 2285. Courts do not ordinarily rigidly enforce timing issues with regard to motions to compel. Id.

Although Rule 37 does not include a time frame for making motions to compel, Rule 16 of the Federal Rules of Civil Procedure requires district courts to issue scheduling orders and those orders must contain a deadline for the completion of discovery. See FED. R. CIV. P. 16(b)(1) and (3)(A). However, Rule

9

16 also does not contain a deadline for the filing of motions to compel. See FED. R. CIV. P. 16. Our local rules in this district do not contain a deadline for the making of motions to compel either. See D.S.D. LR 16.1 and 37.1.

In response to plaintiff's argument about the timeliness of their motion, defendants point out two things: (1) their motion to compel was filed prior to the expiration of the running of the discovery deadline and (2) plaintiff's last letter to defendants indicated that plaintiffs would be following up with the South Dakota Department of Revenue to seek documents responsive to defendants' document requests. Defendants suggest that they waited until the last day of the discovery deadline because they hoped that documents responsive to their requests would be forthcoming from plaintiff.

The first assertion is not in dispute. Defendants' motion was filed on the final day of the discovery deadline.

Defendants' second assertion is not borne out by a close reading of plaintiff's counsel's October 11, 2012, letter. See Docket No. 67-2. In that letter, counsel writes about Request No. 1, asserting her position with regard to "reports" versus "returns." Id. The next paragraph discusses Request No. 2, which is the request for "correspondence" between plaintiff and the department of revenue. Id. As to *that* request, plaintiff's counsel asserts her position that documents dating back to 2005 rather than back to 1996 would be reasonable. Id. Then, in the final paragraph of the letter, plaintiff's counsel states "I will be

in touch when we have more information *regarding Request No. 2.*" Id. (emphasis supplied). There was never any promise, veiled or explicit, that plaintiff was going to do anything more to comply with defendants' Request No. 1, the request for Top Dog's sales tax reports.

It is clear, therefore, that defendants' motion was not in strict compliance with the district court's 14-day time frame for filing motions to compel. Defendants should have filed their motion to compel as to Request No. 1, the tax "reports," within 14 days from the receipt of plaintiff's October 11, 2012, letter.

However, a motion may be made outside the deadline established by a district court's Rule 16 scheduling order if good cause is established for the failure to meet the deadline. Sherman v. Winco Firewords, Inc., 532 F.3d 709, 716 (8th Cir. 2008); FED. R. CIV. P. 16(b). Although neither party directly addresses the good cause standard of Rule 16, it is evident to the court that here, there is good cause for defendants' delay.

A less careful reading of plaintiff's letter of October 11, 2012, might have mislead defendants to assume that the discovery of Top Dog's tax returns might be disclosed after all. The court certainly does not want to issue rulings that encourage parties to file "hair-trigger" discovery disputes.

Secondly, even if defendants understood that no tax returns were going to be voluntarily disclosed, defendants might reasonably have wanted to wait to

see what "correspondence" plaintiff disclosed between itself and the Department of Revenue. It could be that the evidence defendants are seeking in these twin document requests would be satisfied by the correspondence alone. Given that plaintiff assured defendants that the correspondence was being sought and would be turned over (back to 2005 at any rate), it was reasonable for defendants to await those document–if possible–prior to filing the motion to compel. The court notes that even today, now three months after plaintiff's October 11, 2012, assurances, no additional documents, including no "correspondence," has been turned over to defendants pursuant to Request No. 2 (or Request No. 1).

The court also finds that defendants' delay was not "undue." The deadline, if defendants had filed within the 14-day time frame, would have been October 25, 2012. The motion was actually filed three weeks and one day after that deadline.

Finally, there is no evidence that plaintiff was prejudiced in any way by the additional delay. Delay alone, without accompanying prejudice to the opposing party, is not enough to deny a motion to compel. Cf. Doe v. Cassel, 403 F.3d 986, 991 (8th Cir. 2005) (delay alone, without demonstrated prejudice, in making an untimely motion to amend a pleading not enough to deny the motion). In this regard, the court notes that no date has yet been set

for the trial of this matter, further negating any chimera of prejudice to plaintiff resulting from defendants' delay.

**C.     Defendants Are Entitled to The Requested Discovery with Limitations**

As already set forth above, the court holds that the phrase "tax reports" is broader than the term "tax returns." Therefore, the court holds that the latter is a subset of the former and is encompassed by defendants' request using the former. Plaintiffs must therefore turn over in discovery all sales tax returns and accompanying schedules or documents which plaintiff Top Dog Enterprises filed with the South Dakota State Department of Revenue, as limited below.

Plaintiff interposes no substantive objections to defendants' motion to compel. Instead, plaintiff relies on the procedural arguments discussed above. Nevertheless, the court has the power to limit discovery on its own if it determines that the discovery is unduly burdensome, unreasonably cumulative or duplicative, or that the burden of obtaining the discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues. See FED. R. CIV. P. 26(b)(2)(C).

Although neither party addresses relevancy, the court notes that plaintiff's complaint seeks lost profits, both past and future. See Docket No. 1,

13

…
…

page 7, § 1.  Sales tax returns would establish one's gross sales, and thus would be relevant to the issue of profit.  Therefore, the court is not concerned with relevancy.

However, relevancy is not the sole issue.  The court takes notice of the fact that the parties entered into the lease which is the subject of this litigation on October 7, 2009, and it was terminated on February 8, 2011.  The length of the parties' business relationship was just over 16 months in duration.

It is not known to the court why defendants seek the documents requested in Request Nos. 1 and 2.  If it is to get a sense of what Top Dog's history of sales were both prior to and during the lease with defendants, tax returns going back to and including the year 2005 seem more than sufficient to establish a pattern.

If the discovery is meant to establish the nature of the business entity Top Dog was, or to discover what representations Top Dog made about its sales to the Department of Revenue, again, records going back to and including the year 2005 seem sufficient.  Accordingly, although the court will grant defendants' motion to compel as to both requests, the time frame for both requests will be limited to the years from and including 2005 until the present.

**CONCLUSION**

Based on the above discussion, the court hereby

ORDERS that defendants' motion to compel [Docket No. 63] is granted. Plaintiff shall fully comply with both discovery requests by producing documents from and including the year 2005 up through the present. Plaintiff shall tender such documents to defendants within 30 days of the date of this order.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated January 16, 2013.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

15