UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KYLE SOLTESZ, d/b/a, TOP DOG ENTERPRISES, ) ) ) Plaintiff, ) ) vs. ) ) RUSHMORE PLAZA CIVIC ) CENTER, a political subdivision of ) the City of Rapid City, and ) CITY OF RAPID CITY, a political ) subdivision of the State of South ) Dakota, ) ) Defendants. ) | | CIV. 11-5012-JLV  ORDER |

Pending before the court are defendants' motion to exclude the testimony of Richard Putnam (Docket 72) and motion to strike plaintiff's responsive pleadings in opposition to defendants' motion to exclude Mr. Putnam's testimony. (Docket 77). Because the court's ruling on defendants' motion to strike impacts the court's evaluation of defendants' motion to exclude Mr. Putnam's testimony, the court must first address defendants' motion to strike.

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S FILINGS**

Defendants filed a motion to strike plaintiff's memorandum and affidavits in opposition to defendants' motion to exclude the expert testimony of Mr. Putnam. (Docket 77). Defendants' motion to exclude Mr. Putnam's testimony was filed on December 21, 2012. (Docket 72).

Plaintiff's memorandum and affidavits in opposition to defendants' motion to exclude Mr. Putnam's testimony was filed on January 14, 2013.  (Dockets 74, 75 & 76).  Defendants submit plaintiff's responsive pleadings were filed outside the 21 calendar days required by D.S.D. Civ. L.R. 7.1B.  (Docket 77).  By defendants' calculation, plaintiff's responsive pleadings were due on or before January 11, 2013.  Id. at pp. 1-2.  Defendants argue because plaintiff's responsive pleadings were not timely filed, the court "is clearly within the Court's discretion" to strike plaintiff's submissions and rule on defendants' motion to exclude Mr. Putnam's testimony as an unopposed motion.  Id. at p. 4.

      The civil local rules of practice require that a party's responsive pleading must be filed "[o]n or before 21 calendar days after service of a motion and brief . . . all opposing parties will serve and file with the clerk of court a responsive brief . . . . in opposition to the motion."  D.S.D. Civ. L.R. 7.1B.  If defendants' motion to strike plaintiff's responsive pleading were considered in isolation based solely upon Local Rule 7.1B, defendants' argument would have merit.  However, the local rules must be read in conjunction with the Federal Rules of Civil Procedure.  "When a party . . . must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E) or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."  Fed. R. Civ. P. 6(d).  Service by electronic means, including the court's CM/ECF facilities, is included in Rule 5(b)(2)(E).  See Fed. R. Civ. P. 5(b)(3).  Rule 6(d) added three days to the

deadline for plaintiff's response to defendants' motion to exclude Mr. Putnam's testimony.  Read together, D.S.D. Civ. LR 7.1B and Fed. R. Civ. P. 6(d) extended plaintiff's deadline until January 14, 2013.  Plaintiff's filings in opposition to defendants' motion to exclude Mr. Putnam's testimony were timely filed.

Defendants' motion to strike (Docket 77) is denied.

**DEFENDANTS' MOTION TO STRIKE MR. PUTNAM'S TESTIMONY**

Defendants' move to exclude the testimony of plaintiff's expert witness, Richard Putnam, under Fed. R. Civ. P. 702.  (Docket 72 at pp. 2-3).  Defendants argue "Putnam's testimony is not based on sufficient facts or data and it is not the product of reliable principles and methods."  Id. at p. 4.  Defendants argue Mr. Putnam "could not opine, with a reasonable degree of professional certainty, whether his report actually reflects the sales increase[s] that the Plaintiff would have incurred."  Id.  "Damages for future lost profits must be proven with a reasonable degree of certainty and exactness and must be supported by specific, concrete evidence, rather than speculation and conjecture."  Id.  Based on these asserted infirmities, defendants submit plaintiff's expert "has not provided any opinions which would be useful for a trier of fact."  Id. at p. 5.

Rule 702 of the Federal Rules of Evidence governs testimony by expert witnesses and states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

3

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Rule 703 describes the bases for expert testimony.

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.  But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid.703.

As a preliminary matter, "[t]he proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." Lauzon v. Senco Products, Inc., 270 F.3d 681, 686 (8th Cir. 2001) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993); see also Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 757-58 (8th Cir. 2006) (same).

The trial judge "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[1]  Daubert, 509 U.S. at 589.  The subject of an expert's testimony must be scientific, technical, or other specialized knowledge.  Id. at 589-90.  This requirement "establishes a standard of evidentiary reliability."[2]  Id. at 590; see also Kumho, 526 U.S. at 147 (noting it is the word "knowledge" in Rule 702 that " 'establishes a standard of evidentiary reliability' ") (citing Daubert, 509 U.S. at 589-90).  Although Daubert deals specifically with expert testimony based on scientific knowledge, the Supreme Court extended the principles in Daubert to all expert testimony.  Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137, 141 (1999).  "Proposed testimony must be supported by appropriate validation–*i.e.*, 'good grounds,' based on what is known."  Id.

Expert evidence is unreliable, and thus inadmissible, "if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case."  United States v. Bailey, 571 F.3d 791, 803 (8th Cir. 2009); see also United States v. Two Elk, 536 F.3d 890, 904 (8th Cir. 2008) (" '[N]othing in

---

[1] Rule 402 states, in pertinent part, "All relevant evidence is admissible . . . ."  Rule 401 defines "relevant evidence" as evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

[2] An expert witness, unlike a lay witness, may offer opinions not based on firsthand knowledge or observation.  Daubert, 509 U.S. at 592.  It is presumed the expert's opinion "will have a reliable basis in the knowledge and expertise of his discipline."  Id.

Rule 702, *Daubert,* or its progeny requires that an expert resolve an ultimate issue of fact to a scientific absolute in order to be admissible.' ") (quoting Kudabeck v. Kroger Co., 338 F.3d 856, 861 (8th Cir. 2003)).

Rule 702 requires expert testimony to be relevant, that is, to " 'assist the trier of fact to understand the evidence or to determine a fact in issue.' " Daubert, 509 U.S. at 591. "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." Id. at 591-92. The issue is one of "fit." Id. at 591.

In sum, "[f]aced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a),³ whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Id. at 592. "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592-93.

---

³The rule provides "[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b) [pertaining conditional admissions]. In making its determination it is not bound by the rules of evidence except those with respect to privileges." Fed. R. Evid. 104(a). "These matters should be established by a preponderance of proof." Daubert, 509 U.S. at 592, n. 10 (citing Bourjaily v. United States, 483 U.S. 171, 175-76 (1987)).

To make this determination, a district court may evaluate one or all of a number of non-exclusive factors. Those include whether a theory or technique

(1) can be (and has been) tested;

(2) has been subjected to peer review and publication;

(3) [has a] known or potential error rate . . . and the existence and maintenance of standards controlling the technique's operation . . . ; and

(4) is generally accepted by the scientific community.[4]

Daubert, 509 U.S. at 593-94. A district court may consider all or none of these factors; a court should consider them in cases "where they are reasonable measures of the reliability of expert testimony." Kumho, 526 U.S. at 152. The applicability of these factors will depend on the particular facts of the case. Id. at 150-51.

The United States Court of Appeals for the Eighth Circuit gives "great latitude" to district courts in determining whether expert testimony satisfies the requirements of Rule 702. Allen v. Brown Clinic, P.L.L.P., 531 F.3d 568,

---

[4] " 'General acceptance' is not a necessary precondition to the admissibility of scientific evidence under the Federal Rules of Evidence, but the Rules of Evidence–especially Rule 702–do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.' " United States v. Rodriguez, 581 F.3d 775, 794 (8th Cir. 2009) (quoting Daubert, 509 U.S. at 597). " 'Pertinent evidence based on scientifically valid principles will satisfy those demands.' " Id. (quoting Daubert, 509 U.S. at 597).

573 (8th Cir. 2008) (citing Craftsmen Limousine, Inc. v. Ford Motor Co., 363 F.3d 761, 776 (8th Cir. 2004)).  Regardless of what factors are evaluated, the main inquiry is whether the proffered expert's testimony is sufficiently reliable.  Id. at 574 (citing Unrein v. Timesavers, Inc., 394 F.3d 1008, 1011 (8th Cir. 2005) ("There is no single requirement for admissibility as long as the proffer indicates that the expert evidence is reliable and relevant.")).

Rule 702 requires a flexible approach.  Daubert, 509 U.S. at 594.  The focus of Rule 702 "must be solely on principles and methodology, not on the conclusions that they generate." Id. at 595.  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Id. at 596; see also Two Elk, 536 F.3d at 903 (A district court " 'must exclude expert testimony *if it is so fundamentally unreliable that it can offer no assistance to the jury*, otherwise, the factual basis of the testimony goes to the weight of the evidence.' ") (emphasis in original) (quoting Larson v. Kempker, 414 F.3d 936, 940-41 (8th Cir. 2005)).

The Eighth Circuit reviews under an abuse of discretion standard a district court's ruling admitting expert testimony.  United States v. Eagle, 515 F.3d 794, 800 (8th Cir. 2008); see also Kuhmo, 526 U.S. at 152 (A "court of appeals is to apply an abuse-of-discretion standard when it

'review[s] a trial court's decision to admit or exclude expert testimony.' ") (quoting General Elec. Co. v. Joiner, 522 U.S. 136, 138-39 (1997)).

Mr. Putnam has been a certified public accountant since 2005. (Docket 75 at ¶ 1). His work includes preparing "accounting projections of lost profits and income for businesses for the past 9 years." Id. at ¶ 3. The calculations he prepared "in this case are based on standard accounting principles." Id. "In making my projections in this case, I utilized the percentages of growth in sales, actual profits, and other historical data (such as cost of goods sold, number of days open, and other historical average). This is consistent with standard accounting principles." Id. at ¶ 4. Mr. Putnam's testimony is that his opinions "are based on the application of standard accounting principles for lost profits to the facts and circumstances of this case." Id. at ¶ 5. He represents being "particularly familar" with plaintiff's business since he has "done their accounting and tax work since 2007 and [is] familiar with all their relevant historical tax and accounting data." Id. Contrary to defendants' argument attacking his calculations, Mr. Putnam testified "[i]t would not be appropriate to consider income tax consequences or Medicare/Social Security taxes in calculating lost profits because these are not deductions and do not reduce net profit; rather, social security and Medicare taxes are based on net profit." Id. at ¶ 6.

Defendants also attack Mr. Putnam's qualifications to testify as an expert witness because of "the information not considered by" him. (Docket 80 at p. 2). They argue the witness "did not consider the difference in the Plaintiff's net profits as shown on his Schedule C . . . the attendance figures for future events at the Civic Center . . . [and] whether attendance increased at events from 2010 to 2011." Id.

"[T]he factual basis of an expert's opinion generally relates to the weight a jury ought to accord that opinion. . . . Thus, unless the factual or methodological basis for the testimony is fundamentally unreliable, its admission is not an abuse of discretion." Margolies v. McCleary, Inc., 447 F.3d 1115, 1121 (8th Cir. 2006). Challenges to the factual basis for an expert's opinion does not generally affect its admissibility. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination. Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." Children's Broadcasting Corp. v. Walt Disney Co., 357 F.3d 860, 865 (8th Cir. 2004) (citing Bonner v. ISP Technologies, Inc., 259 F.3d 924, 929-30 (8th Cir. 2001) (quoting Hose v. Chicago Northwestern Transportation Co., 70 F.3d 968, 974 (8th Cir. 1996)). Whether Mr. Putnam's conclusions are accurate

or should be accepted by the jury may be tested by vigorous cross-examination.  Moran v. Ford Motor Co., 476 F.2d 289, 291 (8th Cir. 1973).

The court finds Mr. Putnam's proposed testimony qualifies under Fed. R. Evid. 702.  Defendants' motion (Docket 72) is denied.

## ORDER

Based on the above analysis, it is hereby

ORDERED that defendants' motion to strike (Docket 77) is denied.

IT IS FURTHER ORDERED that defendants' motion to exclude Mr. Putnam's testimony (Docket 72) is denied.

Dated March 18, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE