UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| KYLE SOLTESZ,<br><br>    Plaintiff,<br><br> vs.<br><br>RUSHMORE PLAZA CIVIC CENTER, a political subdivision of the City of Rapid City, and CITY OF RAPID CITY, a political subdivision of the State of South Dakota,<br><br>    Defendants. | CIV. 11-5012-JLV<br><br>ORDER |

  During the pretrial conference held on October 17, 2014, the parties agreed the court should not instruct the jury on the issue of prejudgment interest. (Docket 97 at p. 8). On November 21, 2014, the jury returned a verdict for plaintiff of $112,562 and for the defendants of $14,820.62. (Docket 140). On November 25, 2014, the court entered a judgment consistent with the verdict. (Docket 142). The judgment authorized the parties to file simultaneous applications and supporting briefs for prejudgment interest. Id. at p. 2.

  On December 22, 2014, plaintiff filed a motion and application for prejudgment interest. (Docket 143). Defendants did not make application for prejudgment interest or file a brief opposing plaintiff's application. The time for filing an application and brief has passed. Defendants are deemed to have abandoned any right to seek prejudgment interest on the money judgment

awarded to them.   See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue.").

This case is before the court pursuant to 28 U.S.C. §§ 1331, 1332, 1343(a)(3) and 42 U.S.C. § 1983.   The court has supplemental jurisdiction on the parties' state law claims pursuant to 28 U.S.C. § 1367(a).   (Dockets 1 at ¶ 1; 8 at p. 3 ¶¶ 1 & 2).   Because plaintiff seeks prejudgment interest on his state law claims, "a federal court exercising supplemental jurisdiction is bound to apply the substantive state law governing the claims." Emmenegger v. Bull Moose Tube Co., 324 F.3d 616, 624 n.9 (8th Cir. 2003).

Prejudgment interest is allowed under South Dakota law "from the day that the loss or damage occurred . . . [and] shall run to, and include, the date of the verdict . . . ."   SDCL § 21-1-13.1.   "Prejudgment interest is not recoverable on . . . intangible damages, such as pain and suffering, emotional distress, . . . injury to . . . reputation or financial standing . . . ."   Id.   "The court shall compute and award the interest provided in this section and shall include such interest in the judgment in the same manner as it taxes costs."   Id.   In a tort action, prejudgment interest "shall be at the Category B rate of interest specified in § 54-3-16."   Id.   "Category B rate of interest is ten percent per year . . . ."   SDCL § 54-3-16.   "Prejudgment interest is . . . mandatory, not discretionary."   Alvine v. Mercedes-Benz of North America, 620 N.W.2d 608, 614 (S.D. 2001).

In accord with South Dakota law, the court finds plaintiff is entitled to prejudgment interest to the date of entry of the verdict on November 21, 2014, of $13,357.81. The court's calculation of prejudgment interest is explained in Exhibit A attached to this order.

Post-judgment interest allowed on judgments entered in federal court is governed by 28 U.S.C. § 1961. "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

Accordingly, it is hereby

ORDERED that plaintiff's motion and application for prejudgment interest (Docket 143) is granted.

IT IS FURTHER ORDERED that plaintiff Kyle Soltesz is entitled to $13,357.81 against defendants Rushmore Plaza Civic Center and City of Rapid City, jointly and severally, as prejudgment interest to the date of entry of the verdict.

IT IS FURTHER ORDERED that plaintiff Kyle Soltesz is entitled to post-judgment interest as calculated pursuant 28 U.S.C. § 1961(a) against defendants Rushmore Plaza Civic Center and City of Rapid City, jointly and

severally, on the verdict of $112,562 from the judgment date of November 25, 2014.

IT IS FURTHER ORDERED that defendants Rushmore Plaza Civic Center and City of Rapid City are entitled to post-judgment interest as calculated pursuant 28 U.S.C. § 1961(a) against plaintiff Kyle Soltesz on the verdict of $14,820.62 from the judgment date of November 25, 2014.

An amended judgment will be entered by the court.

Dated January 21, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE