UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| KYLE SOLTESZ,<br><br>     Plaintiff,<br><br> vs.<br><br>RUSHMORE PLAZA CIVIC CENTER, a political subdivision of the City of Rapid City, and CITY OF RAPID CITY, a political subdivision of the State of South Dakota,<br><br>     Defendants. | CIV. 11-5012-JLV<br><br>ORDER |

**INTRODUCTION**

On November 21, 2014, a jury returned a verdict in the amount of $112,562.00 in favor of plaintiff and against defendants and a verdict in the amount of $14,820.62 in favor of defendants and against plaintiff. (Docket 140). On November 25, 2014, a judgment was entered consistent with the jury's verdict.[1] (Docket 142). On December 23, 2014, plaintiff timely filed a motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b), together with supporting affidavits and the law firm's billing records. (Dockets 148, 150, 151, 151-1 & 161). Defendants oppose plaintiff's motion. (Docket 157). Because of defendants' objections and a number of other factors, the law firm

---

[1]An amended judgment including prejudgment interest was filed on January 21, 2015. (Docket 159).

filed an amended billing statement.[2] (Docket 161-1). For the reasons stated below, plaintiff's motion is granted in part and denied in part.

## DISCUSSION

Plaintiff Kyle Soltesz filed a complaint against defendants alleging violations of his constitutional rights under 42 U.S.C. § 1983 and state law. (Docket 1). Those claims included state claims for breach of lease, conversion, and interference with business relationships, and two federal claims under 42 U.S.C. § 1983, identified as an unreasonable seizure claim and a due process claim. Id. at pp. 4-6. Plaintiff also sought an award of attorneys' fees and costs. Id. at p. 7 ¶ 3. Following a four-day jury trial, plaintiff prevailed on all five claims against the defendants. (Docket 140).

Plaintiff now seeks an award of his attorneys' fees, costs and expert witness fees pursuant to 42 U.S.C. § 1988(b) & (c). (Docket 148). Federal law specifically directs when a plaintiff prevails on his § 1983 claim "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). If a plaintiff prevails on a § 1981 or § 1981a claim, expert witness fees also may be assessed. 42 U.S.C. § 1988(c).

Section 1988 was enacted to provide access to the judicial process for individuals asserting civil rights claims. Hensley v. Eckerhart, 461 U.S. 424,

---

[2]Defendants did not seek permission to file a surreply brief in response to plaintiff's amended billing statement. Customarily the court will permit a party to file a surreply when "the reply which proceeded the surreply contained new information for which the opportunity to respond is needed." Atuahene v. South Dakota State University, CIV. 07-4099-KES, 2009 WL 1586952 at *8 (D.S.D. June 4, 2009) (citations omitted).

429 (1983) ("Congress enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizing the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation."). Twelve factors are generally considered relevant in the court's analysis of the amount of attorneys' fees to be awarded. Those are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 429-30 n.3 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

"[P]laintiff's claims for relief . . . involve a common core of facts [and were] based on related legal theories." Id. at 435. Because of the integration of claims, plaintiff's counsel's time was focused on "the litigation as a whole, [which] mak[es] it difficult to divide the hours expended on a claim-by-claim basis." Id. As a result, the court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass

all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." Id.

"Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion." Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (referencing Harmon v. City of Kansas City, 197 F.3d 321, 329 (8th Cir.1999)). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." Id. (citing Fish v. St. Cloud State University, 295 F.3d 849, 851 (8th Cir. 2002) (referencing Hensley, 461 U.S. at 433)). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Id. (referencing Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2004)).

Defendants oppose plaintiff's motion for attorneys' fees for a number of reasons. First and foremost is their claim that defendants' motion for judgment as a matter of law (Docket 147) should be granted thereby defeating plaintiff's § 1983 claims. (Docket 157 at p. 6). This argument fails as the court denied defendants' motion for judgment as a matter of law. (Docket 168). Defendants' remaining objections to an award of attorneys' fees under § 1988(b) will be addressed as the court completes its analysis of the factors relevant to the amount which should be awarded as attorneys' fees in this case. The court will separately focus on the factors which are pertinent to this particular case.

**Skill, Experience, Reputation, and Ability of Attorneys**

Plaintiff has been represented by the Bangs, McCullen, Butler, Foye & Simmons, L.L.P., ("Bangs McCullen") law firm of Rapid City, South Dakota, since this litigation was filed in February 2011. (Docket 1). The attorneys of Bangs McCullen have an excellent reputation as trial attorneys. A number of their senior associates hold AV ratings from Martindale-Hubbell. (Docket 151 ¶ 3(c), (d) & (e)). The principal trial attorneys for Mr. Soltesz have wide experience in trying civil jury cases. Id. ¶ 3(a), (b) & (f). The court consistently finds the attorneys of Bangs McCullen well-prepared, articulate and focused when appearing in federal court.

**Time and Labor**

While a number of attorneys provided legal services to Mr. Soltesz throughout this litigation, the primary attorneys have been Rodney Schlauger, Eric Pickar and Sarah Baron-Houy. Mr. Schlauger's hourly rate as a senior partner in the law firm is $250. (Docket 151 ¶ 3). Until January 2013, Mr. Pickar's hourly rate as an associate was $175 and since then as a junior partner his rate was $200 per hour. Id. Ms. Baron-Houy's hourly rate as an associate until January 2014 was $175 and then as a junior partner was $200.[3] Id. Four paralegals who worked with the attorneys bill for their services at $75 per

---

[3] Other members of the firm who played minor roles in this litigation are Daniel Duffy, Jeffrey Hurd, and Greg Erlandson, all senior partners whose hourly rates are $250 per hour. (Docket 151 ¶ 3). Associate members of the firm involved in this litigation are Mark Marshall and Benjamin Tronnes, whose hourly rates are $175 and $150, respectively. Id.

5

hour.  Id. ¶ 4.   Defendants have not objected to or challenged the hourly rates sought by Bangs McCullen.

The court previously concluded $175 per hour is an appropriate rate for an attorney with the legal background comparable to the associates who participated in this litigation and $250 per hour was appropriate for an attorney with a comparable legal background as the senior partners in this case.  See Hautala v. Progressive Direct Insurance Co., CIV. 08-5003-JLV, Docket 77 at p. 1 (D.S.D. 2011); Beyer v. Medico Insurance, et al., CIV. 08-5058-JLV, Docket 65 at p. 3 (Magistrate Judge Veronica L. Duffy) (D.S.D. 2010).   The rate of $200 per hour is appropriate and reasonable in the community for attorneys with the level of legal experience of Mr. Pickar and Ms. Baron-Houy.  See also Docket 150 ¶ 3. Based on the court's own knowledge of the community, $75 per hour is an appropriate and reasonable rate for the services of a paralegal.

The court finds the rates sought by Bangs McCullen are reasonable and appropriate for this civil rights litigation.   Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984) (plaintiff "produce[d] satisfactory evidence . . . [ and the attorneys'] requested rates are in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience, and reputation.").

**The "Undesirability" of the Case**

From the court's perspective, the case had a number of "undesirable factors" from the very beginning.   First, Mr. Soltesz engaged in a physical confrontation with one of his employees.   If Mr. Soltesz was the aggressor, a jury

6

may not have been very receptive to his civil rights claims. With video footage of part of the event, uncertainty existed regarding the jury's assessment of Mr. Soltesz' conduct.

Second, Mr. Soltesz had a history of delayed payments to the Rushmore Plaza Civic Center under his lease obligation. The manner in which he handled lease payments created credibility problems with his claims for lost business income or for interference with business relationships.

Third, Mr. Soltesz was arrested and was convicted in the United States District Court at Rapid City for a drug offense after he was barred from returning to the Civic Center.

Fourth, for a number of months Mr. Soltesz was incarcerated out-of-state to complete the sentence for his drug offense.

Finally, Mr. Soltesz represented the classic example of an individual battling the establishment. Mr. Soltesz was fortunate to have attorneys who were willing to navigate these barriers and represent him at trial.

**Novelty and Difficulty of the Questions**

The legal issues raised by plaintiff's complaint are unique in that constitutional claims of unlawful seizure of property and due process violations arising from a lease are infrequently presented to the courts in this district. Mr. Soltesz' claims were aggressively resisted by the defendants, were the subject of a counterclaim, and required extensive discovery, depositions and pretrial motion practice. The case took nearly four years to resolve by jury verdict.

**<u>Skill Requisite to Perform the Legal Services Properly</u>**

Civil rights litigation is complex. By enacting § 1988, Congress sought to generate legal fees which would "attract competent counsel" similar to "other types of equally complex Federal litigation, such as antitrust cases . . . ." <u>Blum</u>, 465 U.S. at 893 (citations omitted).

Defendants object that Bangs McCullen seeks an award for eight attorneys and four paralegals. (Docket 157 at p. 8). This argument is disingenuous as the billing statements of Bangs McCullen disclose Mr. Schlauger and Mr. Pickar initially represented Mr. Soltesz. (Docket 161-1). Mr. Schlauger's role diminished significantly when Ms. Baron-Houy became involved as trial counsel with Mr. Pickar. <u>Id.</u> The other senior partners were involved only during the course of trial when defendants subpoenaed Mr. Schlauger to appear as a trial witness. These attorneys assisted with researching and briefing this difficult issue during the course of trial. <u>Id.</u> at pp. 12-13. Mr. Marshall's role was limited exclusively to advancing plaintiff's motion for partial summary judgment. <u>Id.</u> at pp. 13-14. Mr. Tronnes was only called upon to assist a senior partner in researching and drafting the punitive damages brief during the course of trial. <u>Id.</u> at p. 14.

While four paralegals are included in the Bangs McCullen billing statement, only one paralegal, Ms. Ronfeldt, was involved in the majority of the trial work. <u>Id.</u> at pp. 46-51. The other paralegals provided only minimal support services totalling 1.4 hours. <u>Id.</u> at pp. 51-52.

**Preclusion of Other Employment Due to Acceptance of the Case**

The primary trial attorneys of Bangs McCullen who litigated this case recorded 684.55 hours over the course of nearly four years.[4] (Docket 161-1 at p. 51). This time commitment precluded them from participating in other fee generating legal work.

**Reasonable Hours**

One of defendants' objections to the Bangs McCullen's billing statement is the use of "block billing." (Docket 157 at p. 9). "The term 'block billing' refers to the time keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Bishop v. Pennington County, CIV. 06-5066-KES, 2009 WL 1364887 at *3 (D.S.D. May 14, 2009) (citing McDannel v. Apfel, 78 F. Supp. 2d 944, 946 n.1 (S.D. Iowa 1999) (quoting Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998)). "[T]he Eighth Circuit has no requirement against the use of block billing. . . . But the Eighth Circuit has expressed displeasure with generalized billing that hinders the court's ability to conduct a meaningful review of the fee application and has authorized district courts to

---

[4]Bangs McCullen independently "no charged" a total of 54.25 hours for work performed in the case. (Docket 161-1 at pp. 51-52). "To claim entitlement to the lodestar, the applicant must submit adequate documentation of hours and should make a good faith effort to exclude from [their] fee request hours that are excessive, redundant, or otherwise unnecessary." Microsoft Corp. v. Delta Computer Experts, LLC, CIV. 5:08-168-BSM, 2009 WL 348268 at *1 (E.D. Ark. Feb. 11, 2009). Bangs McCullen performed in this obligation appropriately.

9

apply a percentage reduction for inadequate documentation." Id. (internal citation and quotation marks omitted).

Defendants criticize the law firm for the use of block billing, particularly because the same law firm was the subject of review in Bishop. (Docket 157 at p. 10). But as the defendants acknowledge, the court in Bishop found the block billing "sufficiently specific to communicate what work was done and its connection to the case." Bishop, CIV. 06-5066-KES, 2009 WL 1364887 at *4.

In conducting a review of the attorneys' detailed billing statement, the court completed a thorough evaluation of the entries and the activities described. See Docket 161-1. The court is satisfied Bangs McCullen's billing statement provides detailed descriptions of the work performed and how the work related to this case. Defendants' objection on this basis is overruled.

Defendants object to the Bangs McCullen's billing statement for time spent by attorneys reviewing a report and recommendation issued by the magistrate judge. (Docket 157 at p. 8). The 53-page report recommended denying plaintiff's motion for partial summary judgment. (Docket 46 at p. 52). Defendants also oppose awarding fees for resisting defendants' motion to compel and addressing Mr. Soltesz's state court criminal issues. (Docket 157 at p. 8). The motion to compel ultimately was granted by the magistrate judge. (Docket 78).

In response to defendants' argument, Bangs McCullen "no charged" all the attorneys' time reviewing the report and recommendation. See Dockets 161 ¶ 3

& 161-1 at pp. 10, 21 & 38. Only Attorney Marshall, who was delegated the responsibility to prepare objections to the report and recommendation, submitted billable time for his work. See Docket 161-1 at p. 13.

Bangs McCullen adjusted downward its time for responding to the defendants' motion to compel. (Docket 160 at pp. 5-6). The court reviewed the submissions on the motion to compel and concludes that while the arguments of Bangs McCullen may have been meritorious, but obviously unsuccessful, the court should not assess those costs against defendants.

Bangs McCullen argues the time spent with Mr. Soltesz addressing state criminal court issues was ultimately "relevant to this litigation." (Docket 160 at p. 6). While the state court assault charge was a material issue during the pretrial conference, the court finds other time spent beyond the pretrial conference should not be assessed against the defendants. Conferences with others on those state court issues were not relevant to the issues at trial.

Based on a generalized argument, defendants assert the court should reduce Bangs McCullen's attorneys' fees request "by no less than 60%." (Docket 157 at p. 9). "A court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used." Bishop, CIV. 06-5066-KES, 2009 WL 1364887 at *5 (quoting A.J. *ex rel.* L.B. v. Kierst, 56 F.3d 849, 864 (8th Cir.1995)). The court is not required to "reduce attorneys' fees *solely* on the basis that multiple attorneys helped to

11

secure a prevailing party's success."  A.J. by L.B., 56 F.3d at 864 (emphasis in original).

Defendants' argument that too many attorneys participated in the behind-the-scenes work without providing the court with specific references to the billing statement is without merit.  Each day during which there were multiple entries for more than one attorney, the billing statement clearly describes the work being performed.  This work was not duplicative of the activities being performed by other attorneys.  The court finds allocation of tasks occurred without any significant overlap or duplication of activities.

Billing entries which reflect conferences with co-counsel or other members of the firm to analyze trial issues and develop trial strategies are an important component of complex litigation.  Trial counsel "reasonably tapped this wealth of legal and strategic knowledge."  Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds, CIV. 02-4009-KES, 2006 WL 1889163 at *5 (D.S.D. July 7, 2006).  "Just because [trial counsels'] time was spent conferring with co-counsel, this does not make it per se unreasonably expended."  Id. (referencing Glover v. Johnson, 138 F.3d 229, 254 (6th Cir. 1998) (time spent conferring on case with co-counsel is recoverable if reasonably expended); see also King v. Turner, No. CIV 05-388 (JRT/FLN), 2007 WL 1219308 at *2 (D. Minn. Apr. 24, 2007) ("Plaintiff was successful in [his] claim, and [his] success likely depends in large part on the consultation and insight from other attorneys on how to best present this case to the jury.").

On November 25, 2014, Paralegal Ronfeldt billed for conducting post-trial interviews with five jurors. (Docket 161-1 at p. 51). Ms. Baron-Houy is the only attorney who created an entry for visiting with Ms. Ronfeldt about those interviews. Id. at p. 43. While this activity may be important to trial attorneys for future cases, it was not a necessary function associated with this case. The court will deduct one hour for Ms. Ronfeldt's time interviewing jurors and .10 hour from Ms. Baron-Houy's time for conferring with Ms. Ronfeldt about her findings.

The court will adjust the award of attorneys' fees to reflect each of its rulings for each attorney affected.

**Mr. Pickar**

Prior to January 1, 2013-$175/hr.         Requested   63.10 hours

    Disallowed
    11/01/2012    .80
    11/17/2012    .25
    12/04/2012    .40
    12/05/2012    .15
    12/24/2012    .25
                     1.85       Disallowed -  -1.85
                                 Approved     61.25 hours

After January 1, 2013-$200/hr.          Requested   226.70 hours

    Disallowed
    01/21/2013    .25
    03/06/2013    .20
    03/26/2013    .10
                     .55        Disallowed   -0.55
                                 Approved     226.15 hours

**Ms. Baron-Houy**

Prior to January 1, 2014-$175/hr.   Requested   96.35 hours

    Disallowed
    11/02/2012    1.20
    11/08/2012    1.00
    11/17/2012     .25
    12/02/2012    3.20
    01/14/2013    <u>1.50</u>
                    7.15               Disallowed   <u>-7.17</u>
                                  Approved    89.20 hours

After January 1, 2014-$200/hr.   Requested   138.00 hours

    Disallowed
    09/16/2014    .35
    11/25/2014    <u>.10</u>
                    .45               Disallowed   <u>-0.45</u>
                                  Approved    137.55 hours

**Ms. Ronfeldt**

                                          Requested    110.10 hours
    Disallowed
    11/25/2014    1.0        Disallowed   <u>-1.00</u>
                                          Approved    109.10 hours

With these adjustments, the court assesses attorney and paralegal fees as follows:

|  | Hourly Rate | Hours | Fee |
|---|---|---|---|
| Mr. Schlauger | $250 | 108.25 | $ 27,062.50 |
| Mr. Hurd | $250 | 1.30 | $ 325.00 |
| Mr. Duffy | $250 | 2.00 | $ 500.00 |
| Mr. Erlandson | $250 | 2.10 | $ 525.00 |
| Mr. Pickar | $175 | 61.25 | $ 10,718.75 |
| Mr. Pickar | $200 | 226.15 | $ 45,230.00 |
| Ms. Baron-Houy | $175 | 89.20 | $ 15,610.00 |
| Ms. Baron-Houy | $200 | 137.55 | $ 27,510.00 |
| Mr. Marshall | $175 | 45.50 | $ 7,962.50 |
| Mr. Tronnes | $150 | 2.10 | $ 315.00 |

| | | | |
|---|---|---|---|
| Ms. Halvorson | $75 | 0.40 | $ 30.00 |
| Ms. Zebill | $75 | 0.60 | $ 45.00 |
| Ms. Leetch | $75 | 0.40 | $ 30.00 |
| Ms. Ronfeldt | $75 | 109.10 | $ 8,182.50 |
| | Total Attorney & Paralegal Fees | | $ 144,046.25 |

**Awards in Similar Cases**

The court believes this award of attorneys' fees is appropriate and in the range of fees allowed in relationship to the degree of plaintiff's success and the compensatory damages awarded. See Cottier v. City of Martin, CIV. 02-5021, 2008 WL 2696917 at *7 (D.S.D. March 25, 2008) (voting rights case, attorneys' fees of $549,416 awarded); Jadari v. Shiba Investments, Inc., Civ. No. 06-5012-RHB, 2008 WL 5100812 (D.S.D. Dec. 3, 2008) amended in part, Civ. No. 06-5012-RHB, 2009 WL 464438 (D.S.D. Feb. 24, 2009) (settlement of $235,000 and attorneys' fees award of $237,407).

### SALES TAX

SDCL §§ 10-45-4 and 10-45-4.1 require attorneys to charge sales tax. Plaintiff requests an award of sales tax on the attorneys' and paralegals' fees recovered. (Docket 160 at p. 14). In Rapid City, South Dakota, the total sales tax is 6% (4% South Dakota state sales tax and 2% City of Rapid City municipal sales tax). Sales tax totaling $8,642.78 is assessed against the defendants.

### NON-TAXABLE LITIGATION COSTS AND EXPENSES

Taxable costs under Fed. R. Civ. P. 54 are limited to those costs enumerated in 28 U.S.C. § 1920. Mr. Soltesz submitted a bill of costs to the

15

Clerk of Court. (Docket 145). The Clerk of Court assessed $1,712.71 of plaintiff's costs pursuant to 28 U.S.C. § 1920. (Docket 166).

The court may "assess 'litigation expenses' that may not otherwise be claimed under . . . § 1920 under the rubric [of] attorney fees rather than costs." Cottier, CIV 02-5021, 2008 WL 2696917 at *6. "Such expenses have been described by the Eighth Circuit as 'out-of-pocket expenses of the kind normally charged to clients by attorneys.'" Id. (quoting Pinkham v. Camex, Inc., 84 F.3d 292, 294-95 (8th Cir. 1996) (long distance, fax, messenger and express mail charges were reasonable out-of-pocket expenses of kind normally charged to clients by attorneys, and thus should have been included as part of reasonable attorney fee award to prevailing party in copyright case).

The court finds most of the expenses sought by plaintiff are reimbursable. Those include the following: $1,099.15 for deposition transcripts; $153.27 printing costs; and $428.60 copy costs. Compare Dockets 145 & 166.

Congress has not authorized recovery of expert witness fees as part of an attorney fee award except to enforce 42 U.S.C. §§ 1981 or 1981a. There is no recovery allowance for expert witnesses in an action under § 1983 for vindication of constitutional rights. Jenkins by Jenkins v. State of Missouri, 158 F.3d 980, 983 (8th Cir. 1998). Plaintiff recognizes this limitation and seeks only $40 per day for the attendance of his expert witness for two days of trial. (Docket 160 at p. 13). These witness fees were not assessed by the

Clerk under § 1920. (Docket 166). The court awards $80 for the expert's attendance at trial.

The court finds plaintiff is entitled to the assessment of $1,761.02 as additional litigation expenses.

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 148) is granted in part and denied in part.

IT IS FURTHER ORDERED that defendants' objections (Docket 157) are sustained in part and overruled in part consistent with this order.

IT IS FURTHER ORDERED that defendants shall pay plaintiff $144,046.25 in attorneys' and paralegal fees, sales tax of $8,642.78 and litigation expenses of $1,761.02, for a total of $154,450.05.

A second amended judgment will be entered.

Dated September 8, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE