UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION


FILED
JUL 07 2017
[signature] CLERK

*******************************************************************

| | |
|---|---|
| KYLE SOLTESZ, | CIV 11-5012 |
| Plaintiff, | |
| vs. | ORDER |
| RUSHMORE PLAZA CIVIC CENTER, a political subdivision of the City of Rapid City, and CITY OF RAPID CITY, a political subdivision of the State of South Dakota, | |
| Defendants. | |

*******************************************************************

In accordance with this Court's Order issued on April 7, 2017 (doc. 190), the parties have submitted briefs regarding the final policymaker for the City of Rapid in this case. State law and the Rapid City Municipal Code reveal that the Civic Center Board of Directors serve as the official with the final policymaking authority. *See* SDCL §§ 9-52-1, 9-52-2, 9-52-23; Rapid City Municipal Ordinances Chap. 2.76. The parties agree that the Civic Center Board is the final policymaker for the City regarding concessionaire leases.

Defendants argue that they are entitled to a Judgment of Dismissal on the claims under 42 U.S.C. § 1983 because Soltesz failed to produce evidence at trial establishing that the Civic Center Board took any action with respect to Soltesz. (Doc. 194 at 2, 13.) But Soltesz testified at trial that he was told there was going to be a board meeting on February 8, 2011 involving the decision. Trial Transcript [hereinafter "TT"] 123:19-23. Soltesz received a letter from the general manager of the Civic Center on February 8, 2011, advising him that his lease was terminated; the City Attorney and the Civic Center Board President were copied on the letter. Trial Exhibit 2; Complaint Attachment 2. Soltesz argued that this evidence creates an inference that the Civic Center Board was involved

in the decision to terminate his lease. TT 493:8-24. The district court commented on this evidence after Defendants moved for a judgment as a matter of law on the § 1983 claims:

> Mr. Soltesz was examined on direct and cross about conversations with Mr. Maliske. The testimony from Mr. Soltesz, as I recall it -- the jury will recall it for itself -- was that a meeting was to be held on February 8, 2011, and Mr. Maliske's conversation with Mr. Soltesz is in evidence, it's been subject to direct and cross. It's either direct evidence that there was a meeting on February 8th or there's an inference that there was.
> Followed by Plaintiff's Exhibit 2, the February 8th termination of lease letter written by Brian Maliske as a general manager of the Rushmore Plaza Civic Center, copied to City attorney Jason Green and Eddie Rykpema, the Rushmore Plaza Civic Center board president. That termination of lease letter is dated February 8, 2011.
> So I can't weigh the evidence or draw an inference on the state of the factual record on this matter and deny the defendants' motion for judgment as a matter of law on the Section 1983 claims of plaintiff.

TT 443:22-25, 444:1-10. Defendants are not entitled to dismissal of the § 1983 claims because Soltesz has some evidence to support his position that the Civic Center Board was involved in the decision to terminate his lease. As the district court said, "credibility determinations, the weighing of evidence and the drawing of legitimate inferences from the facts are jury functions not those of a judge." TT 443:15-18.

Furthermore, this Court is not free to deviate from the Eighth Circuit's mandate by dismissing the § 1983 claims. On appeal, the Eighth Circuit concluded that "[a] final policymaker may have deprived Soltesz of his constitutional rights in this case." *Soltesz v. Rushmore Plaza Civic Center*, 847 F.3d 941, 948 (8th Cir. 2017). The Court discussed how a final policymaker can create municipal liability not only by their own actions, but also by delegating policymaking authority to a subordinate or by ratifying the actions of a subordinate, *id.* at 946, and ratification is a question of fact for the jury, *id.* at 947. Finally, the Eighth Circuit directed the district court on remand to identify the final policymaker as a matter of law prior to trial, and to hold a new trial. *See id.* at 947-48. The necessary implication of the Eighth Circuit's opinion is that, if the district court concludes on remand that the Civic Center Board is the final policymaker, a jury should decide on retrial whether the Civic Center Board was involved in the decision to terminate Soltesz's lease, delegated policymaking

2

authority, or ratified the actions of a subordinate. In order to comply with the Eighth Circuit's mandate, it is necessary to hold a second trial where the jury is informed that the Civic Center Board is the final policymaker and then allow the jury to weigh the evidence, determine credibility and draw legitimate inferences regarding the Board's involvement, or lack thereof, in the decision to terminate Soltesz's lease. *See, e.g., Houghton v. McDonnell Douglas Corp.*, 627 F.2d 858, 865 (8th Cir. 1980) (quoting *Thornton v. Carter*, 109 F.2d 316, 320 (8th Cir. 1940)) (holding that district court must construe the appellate court's opinion in its entirety and "is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of [the appellate] court deciding the case"). Accordingly,

> IT IS ORDERED that the parties' proposed jury instructions shall include an instruction that the Civic Center Board of Directors was the final policymaker for Defendants in this case. Plaintiff shall also include proposed instructions on delegation and ratification if he intends to proceed on those theories.

Dated this 7th day of July, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY